IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT LICHTI                                                                                            PLAINTIFF

vs.                                        Civil No. 2:15-cv-02065

CAROLYN COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**


Robert Lichti ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.    Background:**

Plaintiff's application for DIB was filed on July 19, 2013. (Tr. 8, 164-170). Plaintiff alleged he was disabled due to depression, PTSD, memory loss, headaches, neuropathy, and degenerative joint disease. (Tr. 209). Plaintiff alleged an onset date of July 3, 2013. (Tr. 8, 209). This application was denied initially and again upon reconsideration. (Tr. 8). Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr.

124).

Plaintiff had an administrative hearing on June 2, 2014. (Tr. 27-78). Plaintiff was present and was represented by counsel, Susan Brockett, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-nine (49) years old and had Bachelors Degree. (Tr. 30).

On February 12, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 8-20). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 10, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the alleged onset date of July 3, 2013. (Tr. 10, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of disorders of muscle and connective tissue, affective disorder, migraines, obesity, peripheral neuropathy, anxiety disorder, and substance addiction disorder. (Tr. 10, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-19). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC for light work, except is limited to occasional climbing, balancing, stooping, kneeling, crouching, crawling; occasional overhead work bilaterally; frequent fingering and handling; can do simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and able respond to supervision that is simple, direct, and concrete. (Tr. 12, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a machine tender with 300 such jobs in Arkansas and 190,000 such jobs in the nation, inspector with 830 such jobs in Arkansas and 63,000 such jobs in the nation, and assembler with 375 such jobs in Arkansas and 72,500 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from July 3, 2013 through the date of the decision. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 25). *See* 20 C.F.R. § 404.968. On February 23, 2015, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 2, 2015, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 13, 16. This case is now ready for decision.

**2.  Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to fully develop the record, (B) in failing to properly consider Plaintiff's complaints of pain, and (C) in the RFC determination.  ECF No. 13, Pgs. 12-18.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 16.

**A. Duty to Develop Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).  In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced

5

or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have sought further clarification regarding the severity of Plaintiff's impairments from his healthcare providers. ECF No. 13, Pg. 12. Plaintiff provides no further detail other than this single statement. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). In fact, ALJ discussed at length Plaintiff's medical history and his testimony. (Tr. 12-19).

Further, as discussed, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Therefore, I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 13. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 16.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the

five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not asufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In the opinion, the ALJ addressed the factors from 20 C.F.R. § 404.1529, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 12-19). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Plaintiff received conservative medical treatment, (4) Plaintiff's medication and their effectiveness, and (5) Plaintiff's non-compliant medical treatment. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,*

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for light work, except is limited to occasional climbing, balancing, stooping, kneeling, crouching, crawling; occasional overhead work bilaterally; frequent fingering and handling; can do simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and able respond to supervision that is simple, direct, and concrete. (Tr. 12, Finding 5).

Plaintiff argues the ALJ erred in this RFC determination because it was not supported by the medical evidence. ECF No. 13, Pgs. 16-18. Specifically, Plaintiff states the ALJ failed to consider the limiting effects of his migraine headaches and his GAF score*. Id.*

In discussing Plaintiff's migraine headaches, the ALJ reviewed Plaintiff's testimony regarding his headaches wherein Plaintiff stated he had frequent headaches that sometimes progressed into migraines that put him in bed for up to 12 hours. (Tr. 14). Plaintiff also stated he had migraines 2-3 times a week at times. *Id.* However, on October 7, 2013, Plaintiff was seen by Dr. Duane Birky for a neurologic consultation. (Tr. 484-484). Dr. Birky stated Plaintiff was free of tremors, dysarthria, and myoclonus, and his speech was clear without dysarthria. (Tr. 484). Dr.

Birky indicated Plaintiff's headaches were a symptom of his poor sleep patterns and history of sleep apnea. (Tr. 485). Dr. Birky stated Plaintiff did not use the CPAP machine properly, and diagnosed him with poor compliance with the use of the CPAP machine. *Id.*

Plaintiff also contends his GAF score indicates he has severe problems that limit his RFC to less than the restricted range of light work. Plaintiff was given a GAF score of 55-60. (Tr. 462). However, contrary to Plaintiff's argument, the ALJ properly assessed Plaintiff non-exertional limitations, including his GAF scores, and correctly determined Plaintiff's mental impairments did not prevent him from performing unskilled work. As the ALJ noted, the GAF score indicated only a moderate impairment in functioning. (Tr. 16).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.**  *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED** this **5th day of April 2016.**

                                               /s/   Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U. S. MAGISTRATE JUDGE